**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P138-R**

**WILLIE LEE SHAW, JR.**                                                                                       **PLAINTIFF**

**v.**

**JOSH "JOE" CLARK,** *et al.*                                                                             **DEFENDANTS**

**OPINION**

The plaintiff, Willie Shaw, filed this civil action pursuant to 42 U.S.C. § 1983.  Because he failed to establish complete exhaustion of his administrative remedies prior to filing suit, the court will dismiss his complaint without prejudice.

**I.  SUMMARY OF FACTS AND CLAIMS**

The plaintiff is currently confined at the Kentucky State Penitentiary ("KSP") and institutes this complaint against the following KSP employees in both their official and individual capacities: Guard Josh "Joe" Clark, Unit Director Bobby Waller, Guard Larry Cowell, Grievance/Program Coordinator Patti Treat, Deputy Warden Nancy Doom, and Guard Jay Jones.[1]

The plaintiff described problems in two areas.  The first concerns what he deems excessive force used against him by Guard Clark.  The second issue involves destruction of legal materials or delay in receiving such materials.  Other than claiming that he "filed grievance(s)," he fails to indicate the specific subject matter of his grievances and the names of the persons

---

[1] Because one page of the plaintiff's complaint was missing at filing, the clerk directed him to file the missing page (DN 4).  In complying with the notice, the plaintiff attempted to amend his complaint to name additional defendants.  Because the court is dismissing this case for other reasons, it will not address whether the plaintiff could properly name new defendants at this juncture in his case.

about whom he filed grievances. He also claims to have contacted various state officers about the issues.

## II. ANALYSIS

Under 42 U.S.C. § 1997e(a),[2] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law. *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). The primary purpose behind the exhaustion requirement is to give the state prison systems "an opportunity to handle prison grievances internally before recourse to the federal courts becomes available." *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003). Such may be the most efficient means of addressing a constitutional violation. *Id.* at 726. The inmate must pursue those remedies "as far as they exist" before it can be said that he complied with the "state prison's internal requirements." *Id.* at 725. An inmate bears the burden of alleging and showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104. And, district courts are required to dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies. *Id.* at 1102.

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims. *Brown*, 139 F.3d at 1104. Should the prisoner not have the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040

---

[2]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

(2000). Where the complaint fails to contain "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Boyd v. Corr. Corp. of Am.,* 380 F.3d 989 (6th Cir. 2004) (citation omitted).

A prisoner may not raise his claims in informal complaints as he must follow the formal grievance process to properly exhaust all administrative remedies. *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999). Moreover, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997). Even if an appeal is time-barred by the prison's administrative procedures, the inmate must still pursue the remedy for without doing so he does not give the state the opportunity to remedy the alleged wrong. *Thomas*, 337 F.3d at 727.

Should the authorities to whom the inmate has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). Prior to initiating his action in federal court, a prisoner is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[3]  And, § 1997e(a) requires

---

[3]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

total exhaustion of all claims, and a complaint that presents both exhausted and unexhausted claims must be dismissed. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The plaintiff failed to meet his burden of establishing complete exhaustion of his administrative remedies. He offers the court nothing more than his conclusory assertion that he filed a grievance but does not specifically set forth the steps he took or describe the content of the grievances or identify whom they were failed against. Because the plaintiff failed to satisfy the requirement of total exhaustion of all claims prior to filing suit, his complaint must be dismissed.

Once the plaintiff completely exhausts his remedies with respect to *each* claim advanced and as to *each* defendant named, he may initiate a new civil rights action. The plaintiff is also reminded that if he files a new complaint, he must clearly show how each defendant violated his constitutional rights. Conclusory allegations of the officer's misconduct will result in dismissal of claims against that particular defendant. Because the plaintiff used an outdated form when filing this action, the court will direct the clerk to provide him with a current form complaint.

The court will enter an order consistent with this opinion.

Date:

cc:   Plaintiff *pro se*
      4413.002